**Edna R. MCKENZIE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3176.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 10, 2001.

Rehearing Denied Oct. 17, 2001.

Before MICHEL and RADER, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

PER CURIAM.

Edna R. McKenzie petitions for review of the January 31, 2001, Merit Systems Protection Board ("Board") decision dismissing her appeal as untimely. *McKenzie v. Office of Pers. Mgmt.*, Docket No. AT–0831–00–0298–I–1, 87 M.S.P.R. 531 (2001). Because the Board correctly found that McKenzie failed to meet her burden of showing good cause for delay, we *affirm*.

## Background

After over 13 years of service with the Department of Transportation, petitioner retired from her position as a Secretary for the Federal Aviation Administration ("FAA") in 1995. When she began receiving her retirement benefits, she noticed that she was not receiving credit for four years of military service, from 1961–65, and therefore complained to the Office of Personnel Management ("OPM"). She was informed that her military service could not be credited in the computation of her Civil Service annuity because when she began her civilian employment in October 1982, she elected not to pay a military deposit. Petitioner requested reconsideration of that decision, which OPM denied on April 29, 1996. The final decision expressly alerted petitioner that she had 35 days to appeal to the Board.

McKenzie filed an appeal with the Board on January 18, 2000, three and one-half years later. The administrative law judge hearing the case granted petitioner an opportunity to establish good cause why her appeal should not be dismissed. Petitioner failed to adequately demonstrate good cause for her delay. The appeal was dismissed on August 30, 2000. The Board denied her petition for review on January 31, 2001. The present petition for review followed.

## Discussion

 An appeal generally must be filed within 35 days after the issuance of OPM reconsideration decision. 5 C.F.R. § 1201.114(d). The Board will waive this time limit only upon a showing of good cause for the delay in filing. *Id.*,

§§ 1201.12, 1201.114(f). Petitioner bears the burden of proving good cause. *See Alonzo v. Dep't of the Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980). We may set aside a Board determination that good cause has not been shown only if it was: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (West 2001).

Here, petitioner waited over three years before filing an appeal. Her reasons asserted before the administrative judge were that she thought that she was supposed to file an appeal with the FAA and not the Board, that she could not afford to travel to the Atlanta Regional Office, that she was in poor health at the time, and that she originally thought that she could not win. We agree with the Board that none of those reasons compels a finding of good cause to allow the untimely appeal.

The extreme delay in this case cannot be justified by petitioner's financial status, health status, or subjective belief regarding her prospects on appeal. Further, her allegations of a general misunderstanding or confusion about the appeals process do not constitute good cause. *See Frederico v. Office of Pers. Mgmt.,* 85 M.S.P.R. 345 (2000). The reconsideration decision rendered by OPM plainly states that her right of appeal lies with the Board and, in any event, the record reflects that she never filed an appeal before the FAA.

Under these circumstances, the Board's decision is in accordance with law and procedure and is supported by substantial evidence. Therefore, the Board's dismissal is affirmed.